JOSEPH BOSS, Respondent, *v.* J. HERBERT HUTCHINSON, Appellant.

First Department, March 8, 1918.

**Sale — agreement to sell f. o. b. place of shipment — payment by draft with bill of lading attached, with inspection allowed — when title to property passes — action to recover payment — mistake as to price — duress of goods — involuntary payment — payment under protest — trial — motion for direction of verdict.**

Where a wholesale produce dealer agreed to sell a carload of potatoes at a certain price per bushel f. o. b. the place of shipment, to be paid for by a cash payment in advance, and the balance on drafts with bill of lading attached with inspection allowed, and the purchaser on receipt of the invoice telegraphed the dealer that there was a mistake in the draft as to the price per bushel, but the next day paid the draft under protest and accepted the potatoes, he is not entitled to recover the excessive price paid on the theory of compulsory payment under duress of goods, as he has a complete and adequate remedy at law. He may recover damages for breach of the contract.

The fact that he paid under protest does not make the payment involuntary.

The purchaser could not obtain the goods until he paid the draft and, therefore, irrespective of the form of the bill of lading, the property could not pass until the draft was paid.

As the potatoes were shipped deliverable to the order of the seller, he thereby reserved the right of property and possession in himself under the express provisions of subdivisions 2 and 3 of section 101 of the Personal Property Law.

After a defendant has given evidence, the proper motion for him to make is for the direction of a verdict in his favor, and not for a dismissal of the complaint.

A motion by the defendant for the direction of a verdict, in which he challenged the sufficiency of the complaint and the proof to constitute a cause of action, raised the objection that the payment was voluntary and for that reason not recoverable, as said objection, if expressly presented, could not have been obviated by an amendment to the pleading or by further proof.

APPEAL by the defendant, J. Herbert Hutchinson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of June, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the

25th day of June, 1917, denying defendant's motion for a new trial made upon the minutes.

*William F. Lynn* of counsel [*Lynn Brothers*, attorneys], for the appellant.

*Isidore Faitt*, for the respondent.

Page, J.:

The only controverted question of fact in this case was the price at which it was agreed that a carload of potatoes should be sold. The plaintiff, who is the assignee of Jacob Boss and Leo Hamburger, claimed that the price was ninety-three cents a bushel, while the defendant claimed that the price was one dollar and ninety-three cents. Defendant contended that the quotation of ninety-three cents was a mistake, and as it is not disputed that potatoes of the kind called for by the agreement were then selling for one dollar and seventy-five cents to two dollars a bushel, there would seem to be some merit in the contention. This question was submitted to the jury, and having returned a verdict for the plaintiff they settled that ninety-three cents was the contract price. Accepting the verdict as determining this question, the agreement as gathered from the correspondence was as follows: The defendant, a wholesale dealer in produce at Pittsford, N. Y., agreed to sell to one Hamburger one carload of potatoes at ninety-three cents a bushel, in 150 pound sacks, f. o. b. Pittsford, terms $300 cash in advance, balance on drafts with bill of lading attached, with inspection allowed.

The $300 was paid and defendant shipped a carload of potatoes and sent to Hamburger an invoice, the plaintiff having guaranteed payment and authorized the defendant to charge the same to him. The invoice read as follows: " Sold to Jacob Boss, * * * Terms: Sight Draft B. L. attached, 248 sacks potatoes 150 lbs. — 620 bushels 1.93 — 1196.60. By check $300; by draft $896.60." On the receipt of this invoice the plaintiff telegraphed: " Mistake price your letter read ninety-three cents bushel. * * * like you to release potatoes until adjusted danger freezing," to which defendant replied by telegraph: " We sold you at one ninety-three a bushel here, wire if accepting car * * *."

First Department, March, 1918.    [Vol. 182.

Plaintiff the next day paid the draft under protest and accepted the potatoes. This action is to recover $620, the difference paid between $1.93 and 93 cents per bushel, on the theory of compulsory payment under duress of goods.

The potatoes were not the goods of Hamburger or the plaintiff. Plaintiff could not obtain the goods until he paid the draft, when he would receive the bill of lading, which would be delivery to him under the contract. Therefore, irrespective of the form of the bill of lading, property would not pass until the draft was paid. The goods were shipped deliverable to the order of the defendant, the seller, and thereby the defendant reserved the right of property and possession in himself. (Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 101, subds. 2, 3, as added by Laws of 1911, chap. 571.) Nor is this changed by the term f. o. b. Pittsford in the contract. In the light of the other facts, this merely means that the goods were to be placed on the cars at Pittsford free of expense to the purchaser and that the expense of transportation was to be borne by the purchaser. That it was not intended that that should constitute a delivery of possession appears from the fact that a draft should be drawn with inspection allowed. If, on inspection, the goods were not according to contract, the purchaser would have had the right to reject them and without payment of the draft he could not take them. The delivery was, therefore, not contemplated to have been made at the shipping point. Therefore, the cases that hold that where a person to obtain possession of his own goods withheld from him pays an unjust or illegal demand, does so under duress of goods and can recover back such payment, do not apply to this case.

The instant case is merely one where a seller refuses to deliver the goods at the agreed price, and demands a higher price. The purchaser has a complete and adequate remedy at law. He can recover his damages for the breach of the contract:

" The general rule is that where an unfounded or illegal demand is made upon a person and the law furnishes him adequate protection against it or gives him an adequate remedy, instead of taking the protection the law gives him

or the remedy it furnishes, he pays what is demanded, such payment is deemed to be a voluntary one." (30 Cyc. 1311.)

In this case he elected to pay the increased price. Having done so his payment was voluntary. There was no duress of person or of goods; there was no fraud; the defendant claimed a mistake in price, and demanded immediate notice of rejection; with full knowledge of the facts, plaintiff voluntarily yielded to the claim and paid. That he paid under protest does not make the payment involuntary.

As stated by the courts: " If he voluntarily yielded to the claim, and there was no duress of person or of goods, or fraud on the part of the creditor, the payment concludes him; and he could not avoid the force or effect of the act of payment as an admission, or reserve the right to draw the matter into controversy thereafter, by paying under protest. The act of payment was voluntary, and if he intended to litigate the right, he was bound at the time to take his position and resist the demand made upon him." (*Flower* v. *Lance,* 59 N. Y. 603, 610.)

" There are, no doubt, cases to be found in which the language of the court, if separated from the facts of the particular case under consideration, would seem to imply that a protest alone was sufficient to show that the payment was not voluntary; but on examination it will be found that the protest was used to give effect to the other attending circumstances." (*Railroad Co.* v. *Commissioners,* 98 U. S. 541, 544.)

Nor in the instant case were any facts or circumstances alleged or proved which would tend to show that the legal remedy afforded would not be adequate. The plaintiff failed, therefore, to allege or prove facts sufficient to constitute a cause of action. The sufficiency of his complaint and proof were challenged by a motion to dismiss on both grounds at the conclusion of the plaintiff's case, and exceptions to the adverse rulings taken. At the conclusion of the case a motion for a direction of a verdict was made, and to the denial of this motion exception was also taken. The plaintiff claims that, inasmuch as the motion to dismiss was not renewed at the end of the case, the defendant waived his exception. After the defendant has given evidence, the proper motion for the defendant to make is for a direction of a verdict in

his favor, and not for a dismissal of the complaint. (*Niagara Fire Ins. Co.* v. *Campbell Stores,* 101 App. Div. 400; affd., 184 N. Y. 582.) The specific grounds of the motion were not stated, and the objection that the payment was voluntary and for that reason not recoverable was not in terms presented to the trial court, but the sufficiency of the complaint and the proof to constitute a cause of action were challenged, and this objection if presented could not have been obviated by an amendment to the pleading or further proof.

The judgment and the order appealed from, denying a motion for a new trial, should be reversed, with costs, and judgment given for the defendant dismissing the complaint, with costs.

CLARKE, P. J., SCOTT, DOWLING and DAVIS, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.