THE STANDARD CASING COMPANY, INC., Respondent, *v.* CALIFORNIA CASING COMPANY, INCORPORATED, Appellant.

First Department, May 20, 1921.

Sales — contract for sale f. o. b. point of shipment to be paid for by sight draft after inspection is contract for goods to be delivered at point of destination — measure of damages for failure to deliver is difference in market price at point of destination and contract price plus freight — delivery of possession not made when goods delivered to carrier — objection to computation of damages by court cannot be taken on appeal where not raised below.

A contract for the sale of goods to be shipped by the seller in San Francisco, f. o. b. to the buyer in New York city to be paid for by sight draft with bill of lading attached, with the privilege in the buyer of examining the goods on their arrival is a contract for goods to be delivered in New York city.

The measure of damages for the failure of the seller to deliver the goods according to the contract is the difference between the market price in New York city at the time when delivery should have been made and the contract price plus the freight charge from San Francisco to New York.

Delivery of possession of the goods to the seller under the contract was not made when the goods were placed on the cars f. o. b. San Francisco.

The fact that the court in computing the amount of damages for the purpose of directing a verdict failed to deduct the charge for freight, cannot be raised upon appeal where no objection was made or exception taken at the trial.

APPEAL by the defendant, California Casing Company, Incorporated, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county

of New York on the 13th day of December, 1920, upon the verdict of a jury rendered by direction of the court.

*McLaughlin, Russell & Sprague,* attorneys [*Frederick C. McLaughlin* of counsel], for the appellant.

*Kelley & Connelly,* attorneys [*M. E. Kelley* of counsel], for the respondent.

DOWLING, J.:

This action is brought to recover the sum of $4,800 with interest, damages alleged in the complaint to have been sustained by plaintiff by reason of the breach of a contract between plaintiff and defendant, made on or about December 18, 1917, whereby defendant sold to plaintiff, to be delivered at its place of business in the borough of Manhattan, city of New York, twenty casks of salted pig guts, each cask to contain about 3,000 bundles of said guts, to be shipped by the defendant in San Francisco, Cal., f. o. b. to plaintiff in New York city, not later than March 15, 1918, at the agreed price of eighteen cents per bundle, to be paid by sight draft with the bill of lading for said goods attached, with the privilege to plaintiff of examining said goods on their arrival in New York, the plaintiff to pay therefor upon the delivery of the goods to it in New York. It is further alleged in the complaint that the agreement of the parties was duly confirmed by the defendant in writing and that the plaintiff has at all times been ready, able and willing to receive, accept and pay for the said goods upon their arrival in New York city, and has requested that defendant ship the same, and has performed all the conditions of the said agreement on its part to be performed; but that defendant has neglected and refused to ship said goods or any part thereof, and has repudiated and refuses to perform the contract, although performance has been duly demanded by plaintiff. Upon the trial plaintiff produced a letter of the defendant dated December 18, 1917, directed to the plaintiff at its office in the city of New York, wherein defendant stated that it had sold to the plaintiff the casks of merchandise in question to be shipped January, February and not later than March 15, 1918, at the price of eighteen cents United States gold coin per bundle, f. o. b. San Francisco.

The provision as to payment was " Sight Draft, Bill of Lading attached with the privilege of examining the goods on arrival." This contract tendered by defendant was accepted in writing by plaintiff.

Upon the trial plaintiff endeavored to prove the conversations between the representatives of the parties preceding the delivery of the written agreement, claiming that there had been an oral contract of which the written agreement was merely a memorandum. The question put to the witness Rado sought to elicit the arrangement made in the antecedent conversation as to the delivery of the goods, but objection was made to the receipt of this evidence by defendant's counsel upon the ground that the question called for parol evidence tending to vary the terms of the written instrument, and when the court said that from the written exhibits he inferred that the destination of the goods was New York city, defendant's counsel said, " We are not disputing that."

The breach of this contract by the defendant is not disputed. The question which is presented for consideration upon this appeal is whether it was error to permit proof of the market value of these goods in the New York market at the time when they should have arrived under the contract, which was the testimony offered by plaintiff, and whether it was also error to refuse to receive the testimony offered by defendant as to the market value of these goods in the San Francisco market. We have under consideration a contract which, under the concession made by the defendant upon the trial, called for the delivery of the goods in question in the city of New York, where payment therefor was to be made upon the presentation to plaintiff of a sight draft with bill of lading attached, but only after plaintiff had exercised its privilege of examining the goods on arrival. This was, therefore, a contract for goods to be delivered in New York city and that being the place where plaintiff was entitled to receive them, the value of the contract to it is to be fixed by the market price in New York of the goods when they were deliverable under the contract; and upon the breach of said contract by defendant by its total failure to deliver any of the goods in question, the damage sustained by the plaintiff was the difference between the purchase price of the goods, as

**190** STANDARD CASING CO., INC., *v.* CALIFORNIA C. CO., INC.

First Department, May, 1921. [Vol. 197

fixed by the contract, plus the freight charge to New York, and the market price in New York city at the time mentioned. The provision fixing the price f. o. b. San Francisco did not change the place of delivery nor alter the measure of damages as between the parties. Delivery of possession of these goods to the plaintiff under this contract was not made when the goods were placed on the cars f. o. b. San Francisco. As was said in *Boss* v. *Hutchinson* (182 App. Div. 88, 90): " In the light of the other facts, this merely means that the goods were to be placed on the cars at Pittsford free of expense to the purchaser and that the expense of transportation was to be borne by the purchaser. That it was not intended that that should constitute a delivery of possession appears from the fact that a draft should be drawn with inspection allowed. If, on inspection, the goods were not according to contract, the purchaser would have had the right to reject them and without payment of the draft he could not take them. The delivery was, therefore, not contemplated to have been made at the shipping point." The only difference between the case just cited and the present case is that the former was a stronger case in favor of the seller, as there had been a cash payment in advance.

Under the facts in this case the plaintiff's measure of damage was the market price in New York at the time of delivery, as has been said, less the contract price plus the freight charge to New York. The appellant now calls attention to an error in computing the amount of damage. The learned trial court directed a verdict in this case, taking as the basis for an award the difference between the contract price of the goods, eighteen cents a bundle, and the lowest market price in New York at the time in question as testified to by the plaintiff's witnesses, namely, twenty-five cents a bundle. In making the computation no deduction was made for the freight charge from San Francisco to New York, which would have been an element in arriving at the damage and which should have been deducted from the amount in question. But no exception was taken at the trial to the failure to deduct this amount, nor was the attention of the court in any way called to this oversight either by objection, exception or motion. It is too late, therefore, to raise the question for the

first time upon this appeal, since, if the matter had been properly brought to the notice of the court, or of plaintiff's counsel, the objection could have been met, either by supplying proof of the amount of the freight charge or by furnishing a reason why that charge should not be deducted in this case.

The judgment appealed from will, therefore, be affirmed, with costs.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment affirmed, with costs.